IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE WILEY Y. DANIEL

Criminal Action No. 94-cr-00152-EWN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DARRELL BAILEY,

    Defendant.

---

ORDER

---

    As the chief judge for the district court, I have the authority to divide and assign the business of the court so far as other rules and order do not otherwise prescribe such assignment. 28 U.S.C. § 137. On the resignation of U.S. District Judge Edward W. Nottingham, I have determined that certain matters pending before Judge Nottingham that have not already been subject to reassignment shall be considered by me.

    The defendant's criminal action proceeded to trial by jury in late 1994. The defendant was found guilty on two counts of Assault on a Bureau of Prisons Correctional Officer. He was sentenced to thirty-six months imprisonment on the first count, and one month of imprisonment on the second count. Both terms of imprisonment were to be served consecutively to a sentence imposed in a criminal action in the Northern District of Illinois. Under the sentencing guideline calculations, the imprisonment range for the two counts – based on the total offense level after appropriate adjustments and the defendant's criminal history – was from thirty months to thirty-seven months.

After sentencing, the defendant filed a direct appeal.  The court of appeals affirmed the conviction, but remanded the matter for resentencing, as it found the district court imposed consecutive terms of supervised release without a particular statutory basis for doing so.  *See U.S. v. Bailey*, 76 F.3d 320, 324 (10th Cir. 1996).  The defendant then petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, on November 15, 1996.  The district court denied the petition on February 2, 2001; the court of appeals denied the petitioner's request for a certificate of appealability of the denial of the § 2255 habeas petition on June 26, 2001.

The matters before the court are two motions filed by the defendant.  The first, filed February 2, 2001, bears the following cryptic title: "Motion for 28 U.S.C. Rule 60(b)(4, 6)!" There is no such statutory provision.  Defendant likely refers to Federal Rule of Civil Procedure 60, which enables a party in a civil matter to seek relief from a final judgment, order or proceeding.[1]  On procedural grounds alone, the defendant's motion is denied.  The motion was filed as part of his criminal case, and not as a civil action.  Rule 60 of the federal *civil* procedural rules is inapplicable to this proceeding.  As an alternative basis for denial, a motion for relief from judgment, filed under rule 60, must be filed within one year's time of the date of final judgment.  Fed. R. Civ. P. 60(c)(1).  Defendant's motion exceeded the deadline of December 16,

---

[1] The rule provides as follows, in light of defendant's apparent citation:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

(4) the judgment is void;

. . . .

(6) any other reason that justifies relief.

Federal Rule of Civil Procedure Rule 60

2

1995 by five years, one month, and seventeen days.

On substantive grounds, the defendant's motion is denied because the defendant states that he seeks adjudication of the writ of habeas corpus. Coincidentally, that adjudication was entered the same day as defendant's motion, rendering the defendant's request as moot. The § 2255 decision also rendered moot additional grounds for the motion: prejudice from delay, and denial of an opportunity to be heard regarding the motion. Defendant's next argument postulates that the principle established in *Apprendi v. New Jersey* – that other than a fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to jury and proved beyond reasonable doubt – applies to his case and renders the judgment as void. This argument is untenable – *Apprendi* is only relevant when a defendant has been sentenced beyond the statutory maximum penalty. *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Here, the defendant was sentenced to 36 months imprisonment – under 18 U.S.C. § 111(a), the statutory maximum term of imprisonment is no more than three years.

Defendant also attacks the indictment for not listing the proper elements of the crime under the statute. The court will not address such an argument, as the court of appeals has affirmed the conviction and denied issuance of a certificate of appealability of the denial of the § 2255 habeas petition.

Finally, defendant's second pending motion, styled as a "Motion to Recall the Judgment of Conviction," filed August 23, 2001, asserts claims for unlawful imprisonment against the U.S. Bureau of Prisons for implementation of an apparent administrative program against which the defendant has filed grievances. The defendant also designates the motion as a "Petition for Writ of Habeas Corpus § 2241(c)(3)," a reference to a writ of habeas corpus that may be issued by a court for being held in custody in violation of the Constitution or laws of the United States.

However, the defendant requests "recall" of the judgment and conviction, thereby making a successive petition for habeas corpus. This court is not bound to entertain the application as the legality of the detention has already been determined by the court on a prior application, nor can it before the court of appeals first authorizes this court to consider such an application. 28 U.S.C. § 2244(a), (b)(3). When a second or successive habeas claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631, or it may dismiss the motion or petition for lack of jurisdiction. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). I find that this court lacks jurisdiction to consider the successive petition for habeas corpus; the motion is denied and petition is dismissed.

Accordingly, It is

**ORDERED** that the "Motion for 28 U.S.C. Rule 60(b)(4, 6)!" is DENIED. It is further

**ORDERED** that the "Motion to Recall the Judgment of Conviction / Petition for Writ of Habeas Corpus § 2241(c)(3)" is DENIED and the petition DISMISSED.


DATED at Denver, Colorado, this __**13th**__ day of February , 2009.


BY THE COURT:


By:  s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge