IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-3129-WJM
(Criminal Case No. 94-cr-152-WJM)

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

**1. DARRELL LAMONT BAILEY,**

    Defendant/Movant.

## ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL

Before the Court is Defendant Darrell Lamont Bailey's *pro se* Motion to Appoint Counsel and Motion for Order ("Motions"). (ECF Nos. 201, 208.) The Motion to Appoint Counsel is fully briefed. (ECF Nos. 205, 206.) For the following reasons, the Court denies the Motions.

Bailey appears to seek the appointment of counsel, either in his criminal case, his related civil case, or both. (ECF No. 201.) As best the Court can tell, Bailey believes he is entitled to appointed counsel because he is indigent, disabled, and perhaps because he was denied "art. 3" "jud notice." (*Id.*) He also appears to suggest that "USBOP & USDOJ" were engaged in "collusion" against him and that various state courts committed errors in other actions. (*See generally id.*)

"There is no right to appointment of counsel beyond the direct appeal of a criminal conviction." *United States v. Rojas*, 2016 WL 11517584, at *1 (D. Wyo. Apr.

1

18, 2016); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). In the Tenth Circuit, "[a]ppointment of counsel is, at best, a matter within the discretion of a district court after considering a number of factors, including whether an applicant such as Defendant has fulfilled the required burden of showing his motion has merit." *Rojas*, 2016 WL 11517584, at *1. "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quotation and citation omitted).

Respectfully, Bailey's Motion to Appoint Counsel is unintelligible at best. The Court cannot discern the specific grounds on which Bailey believes he is entitled to appointed counsel, let alone whether there is any merit to the claims he believes will be furthered by having the assistance of counsel.

Accordingly, the Motion to Appoint Counsel is DENIED. (ECF No. 201.) As a result, the Motion for Order, which appears to be related to the Motion to Appoint Counsel, is likewise DENIED. (ECF No. 208.)

Dated this 3rd day of June, 2025.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge