IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 94-cr-152-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     **DARREL BAILEY**,

    Defendant.

---

**ORDER DENYING MOTIONS FOR
EARLY TERMINATION OF SUPERVISED RELEASE**

---

Before the Court are several *pro se* motions filed by Defendant Darrel Bailey: a Motion for Injunction (temporary and permanent) Coupled with Early Termination of Federal Supervised Release (ECF No. 212); a Complaint and Request for Injunction (ECF No. 213); a Motion for 28 FRCP R. 60(b)(1-6) (ECF No. 220); and an Amended Rule 60(b) (1,2,3,4,5,6) Motion (ECF No. 223). The Government filed a response to the motions. (ECF No. 224.)

Courts enjoy substantial discretion when deciding whether to terminate supervised release earlier than its natural expiration. *See* 18 U.S.C. § 3583(e)(1) (listing various criteria for terminating supervised release early). The controlling statute directs the sentencing court to decide whether early termination "'is warranted by the conduct of the defendant released and the interest of justice.'" *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (quoting 18 U.S.C. § 3583(e)(1)).

Bailey has served over 30 years in prison for committing several serious crimes, including bank robbery and assault of a corrections officer. (ECF No. 97.) He has since been released and his supervised release is set to expire on March 23, 2026. (ECF No. 166.) Therefore, Bailey only has about eight more months to submit to the terms of his supervised release.

The Court gathers, based on the titles of his various motions, that Bailey seeks to end his supervised release early. But the Court struggles to understand why Bailey believes this is warranted. He seems to at times vaguely allude to various alleged misconduct committed by several government actors throughout his fillings. (*See, e.g.*, ECF No. 212 at 1–2 (suggesting that probation officers denied his *pro se* filings; sabotage, harassment, and eviction via rent increase by "USBOP" and others; denial of due process and equal protection; failure to communicate with him regarding terms of his supervised release; and a failure to "set up" "complaints against judges").) But most, if not all, of his assertions are incomprehensible. And none correspond to the criteria listed in section 3583(e)(1). Indeed, the Court has been unable to decipher any parts of his various motions to suggest that his conduct merits early termination of his supervised release. What's more, some of the filings ostensibly seek relief under Fed. R. Civ. P. 60(b), which is wholly inapplicable to this criminal action.

Absent good cause shown, and in light of the serious crimes for which Bailey has been convicted (but served his time), the Court DENIES his requests to terminate his supervised release early. (ECF Nos. 212, 213, 220, 224.)

Dated this 1st day of August, 2025.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge

3