IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 94-cr-152-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DARREL BAILEY,

    Defendant.

## ORDER DENYING MOTION TO SUPPRESS

Before the Court is Defendant Darrel Bailey's *pro se* Motion to Suppress (ECF No. 257) ("Motion"). The Government filed a Response (ECF No. 28), which the Court directed it to amend (ECF No. 29).[1] But the Government inexplicably failed to do so, and failed even to attempt to explain this omission—something the Court in the future will not tolerate. Regardless, for the following reasons, the Motion is denied.

Bailey's Motion is denied because it is simply unintelligible. Indeed, while his Motion would ordinarily be deemed confessed in these circumstances (where the Government did not file a substantive response), the Court cannot begin to decipher what evidence he seeks to suppress at his upcoming Final Revocation of Supervised Release Hearing. (ECF No. 22.) The following excerpt from the Motion illustrates the problem:

---

[1] The docket entries for the Government's Response and the Court's Order directing an Amended Response appear only on the docket of Bailey's other, related criminal case, 23-cr-280-WJM—not 94-cr-184-WJM.

> MOTION TO SUSPPRESS ( 201: US v. Dougan (10th Cir. 2012) 684 F.3d 1030);
> CRS 16-22-101 Stat of Limitations violated; and, Denver PD #GO #2023-5001320, for 10th,
> 11th, 14th amendments/admts (US Const.: art 1, 2, 3, 4, 6-Supremacy Clause; Printz
> (1997) anti-commandeering clause violations (Den. 23CR2536AJE, double jeopardy, dis-
> Missal by DA insufficient evidence & sealed-acquittal; and, Jeffco 24CR1114DGH dis-
> missal insufficient evidence & sealed! Ca PC 696678 IADA Plea, double jeopardy
> EXPIRED: FTR misdemeanor. 201: Wright v. Superior Court 1997, 936 P. 2d 101, Ex Post
> Facto violations. 3rd prosecution (Jeffco 25CR2376MAM: as 2-previous; drafted WJM
> (Prob)! 201: violates Printz; US v Hall (10th Cir. 2021) 20-4107 vindictive prosecutions;

(ECF No. 257 at 1.) The rest of the two-page Motion is of a similar tenor. (*See generally id.*)

Even though Bailey proceeds *pro se*, the Court cannot serve as his advocate. *See United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019) (the court cannot act as an advocate for a *pro se* party). Thus, because the Motion is unintelligible and does not identify which evidence Bailey seeks to suppress, or what other (if any) type of relief he might be seeking, it is summarily denied. *See Vaughn v. Krehbiel*, 2006 WL 8454018, at *2 (D. Colo. June 16, 2006), *aff'd*, 240 F. App'x 803 (10th Cir. 2007) ("At the outset, the Court denies the motion, out of hand, for incomprehensibility.").

As a final point, however, the Court must briefly address the Government's failure to comply with its Order that it amend its Response to the Motion. The Court directed the Government to do so because the Response was not responsive to the suppression Motion. The Court could not have been clearer on this point: "While the opening paragraph of the Response purports to address Bailey's Motion, the rest of the 7-page Response appears to raise arguments opposing a Defendant Donald Ray Nichols's motion for compassionate release. (*See generally* ECF No. 28.) Given this disconnect, the Court assumes that the Government filed this Response in error." (ECF No. 29.)

Yet despite the Court's clear directive to amend its Response, the Government did not do so.  While the Court recognizes that the Government's resources may be limited as of late, that does not change its obligation to comply with court orders—especially routine ones like that at issue here.  Perhaps most importantly, moreover, the Court would have benefited from the Government's attempt to decode what the Motion complains of.  Again, the Court will not in the future overlook the Government's failure to abide by its Orders.

For the foregoing reasons, the Motion is DENIED.  (ECF Nos. 257.)

Dated this 24th day of February, 2026.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge