IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 94-cr-152-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DARREL BAILEY,

    Defendant.

## ORDER DENYING MOTION TO RECUSE

Before the Court is Defendant Darrel Bailey's *pro se* Motion to Recuse (ECF No. 260) ("Motion"). The Court did not direct the Government to respond to the Motion. For the following reasons, the Motion is denied.

Pursuant to 28 U.S.C. § 455(a), "a judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal is required when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). As the moving party, Bailey bears the burden to establish sufficient facts indicating bias and prejudice to justify recusal. *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004).

Bailey's Motion to Recuse is denied because it is unintelligible and conclusory. While Bailey suggests that the Court "used retribution and retaliation against [him]," he does not clearly explain *how* the undersigned did so. (ECF No. 260 at 1.) The Court cannot recuse where the movant does not explain why recusal is warranted. *See*

*Vaughn v. Krehbiel*, 2006 WL 8454018, at *2 (D. Colo. June 16, 2006), *aff'd*, 240 F. App'x 803 (10th Cir. 2007) ("At the outset, the Court denies the motion, out of hand, for incomprehensibility.").

Moreover, of central importance here is the fact that there is as much obligation for a judge not to recuse, as there is to recuse when appropriate. *Bryce,* 289 F.3d at 659 (stating that a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require"). The Court finds that Bailey has utterly failed to establish facts upon which a reasonable jurist might conclude that recusal is warranted under 28 U.S.C. § 455(a).

For these reasons, and because the undersigned independently perceives no grounds on which to recuse from this case, the Motion is denied. *Bryce,* 289 F.3d at 659 ("The recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice.").

For the foregoing reasons, the Motion is DENIED. (ECF No. 260.)

Dated this 24th day of February, 2026.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge